UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

GEORGE KEVIN QUINN                                                              PLAINTIFF

v.                                                          CIVIL ACTION NO. 4:14-CV-96-JHM

FBI AGENT BROWN et al.                                                        DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, George Kevin Quinn, filed a *pro se*, *in forma pauperis* complaint on this
Court's general complaint form (DN 1). This matter is before the Court for screening pursuant
to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997),
*overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth
below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff sues FBI Agent Brown and Barack Obama. As grounds for filing the complaint,
Plaintiff states: "Several violations of my civil rights were violated so until a judge can hear my
plea verbaly we will call these violations what they are is hate crimes against me as a civil rights
leader!" He states that on September 22, 2013, while riding his bicycle he was hit by an elderly
man's car pulling out of the First Baptist Church. He states that he went home and called 911 to
report the incident and then went to the hospital where he "was attacked by security and
assaulted and then was falsely accused of being disorderly conduct and then taken to jail." He
states that he reported the incident to the First Baptist Church personnel, to "O.P.D.," "and
finally F.B.I. Agent Brown." His only allegation against Defendant Brown is that Defendant
Brown "told [Plaintiff] the Attorney General said 'he' wouldn't let them investigate." As relief,
Plaintiff wants: "investigate the crime and give a ruling on my complaint."

## II. <u>ANALYSIS</u>

This Court must review the instant action.  *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05.  Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Because Plaintiff asserts a violation of his civil rights and is suing federal officials, the Court construes his claim to be under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971).  A *Bivens* claim is a judicially created counterpart to a

2

42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials, who have allegedly denied a plaintiff's constitutional rights, in their individual capacities. *Id.*

Plaintiff's allegation against Defendant Brown is that Defendant Brown failed to investigate his complaint. "The failure to conduct a full and fair investigation and prosecution of an alleged crime does not state a claim unless there is a violation of another recognized constitutional right." *Smallwood v. McDonald*, No. 86-5522, 1986 WL 18183, at *1 (6th Cir. 1986) (citing *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam)). Plaintiff alleges, "hate crimes against me as a civil rights leader!" However, Plaintiff has made no allegation that the failure to investigate was on the basis of race or other characteristic that would implicate any equal protection violation. *See Burchett v. Self*, No. 94-5058, 1994 WL 276865, at *2 (6th Cir. June 21, 1994) ("Because Burchett fails to claim that the FBI agent's alleged inaction was motivated by impermissible reasons, Burchett fails to assert a *Bivens* action against the FBI agent."). Thus, Plaintiff has failed to state a claim against Defendant Brown.

Plaintiff also names as a Defendant President Obama. However, he makes absolutely no allegations against this Defendant. Some factual basis for claims against a Defendant must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Plaintiff must allege specific facts that explain how the defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so with regard to this Defendant. As such, the claims against Defendant Barack Obama must be dismissed for a failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

## III. **CONCLUSION**

For the foregoing reasons, by separate Order, the Court will dismiss Plaintiff's claims.

Date:   December 10, 2014

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
4414.009

4